UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Renford Williams,<br><br>                                  *Plaintiff*,<br><br>    -against-<br><br>Crothall Healthcare Inc.,<br><br>                                 *Defendant*. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Renford Williams ("Williams"), upon personal knowledge as to himself and upon information and belief as to other matters, hereby files this Complaint against defendant Crothall Healthcare, Inc. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff states that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. ("FLSA"), he is entitled to recover from Defendant: (1) unpaid wages, including overtime; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), the New York Wage Theft Prevention Act, and New York common law, they are entitled to recover from Defendant: (1) unpaid wage, including overtime; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367(a).

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

5.      At all relevant times, Plaintiff Renford Williams is an adult individual, over 18 years old, residing in Bronx County and a citizen of New York.

6.      Defendant Crothall Healthcare, Inc. is a foreign business corporation organized under the laws of Delaware with its service of process address at 80 State Street, Albany, New York 12207 and its principal executive offices located at 1500 Liberty Ridge Drive, Suite 210, Wayne, Pennsylvania 19087.  Upon information and belief, and upon publicly available information, Defendant's headquarters are located in the state of Pennsylvania.

7.      Crothall Healthcare reported approximately $500 million in annual revenue in 2022 and employs approximately 8,000 people across the country.  According to its website, Defendant provides to hospital and other healthcare facilities environmental services such as cleaning and disinfecting, clinical engineering, healthcare facilities management, patient sitter and observation services, patient transportation, and sterile processing services.

8.      At all relevant times, the Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9.      At all relevant times, the work performed by Plaintiff was essential to the business operated by Defendant.

## STATEMENT OF FACTS

10. The below facts are pleaded according to Plaintiff's best recollection.  Plaintiff

reserves the right to amend these facts upon receiving discovery in this matter, including discovery of employee records that Defendant is obligated to preserve under the NYCRR.

11. Plaintiff was, at all relevant times, a covered employee within the meaning of the FLSA and NYLL.

12. Plaintiff was hired by Defendant in or around early 2016 to work as an Operations Manager for the environment services department at a Mt. Sinai Hospital located at 1468 Madison Avenue, New York, New York 10029.  In or around July or August of 2018, Defendant promoted Plaintiff to Assistant Director for Environmental Services.  Plaintiff's employment ended in or around mid-2020.

13. At the time that Plaintiff was hired, he was earning approximately $47,000 per year on a salaried basis. He was paid on a bi-weekly basis.  After being promoted to Assistant Director and receiving other raises, Plaintiff was being paid approximately $77,000 per year.

14. As an Operations Manager and continuing as an Assistant Director, Plaintiff was in charge of a team of housekeepers who had to clean operating rooms on overnight shifts.  Plaintiff would work on his feet every shift, and would go around to check and inspect the operating rooms to make sure that they were cleaned properly and to supervise the housekeepers.  Plaintiff would also help receive shipments of cleaning supplies and break down and stock those supplies.

15. When Plaintiff was hired, it was understood that he would be in a supervisory role in charge of overseeing the work of the housekeepers.  Defendant hired Plaintiff on a salaried basis as an exempt employee with supervisory and managerial titles.

16. In practice, Plaintiff spent as much as 90% of his work shifts performing non-exempt tasks in contrast to his understanding when he was hired and in conflict with his titles and his exempt status.

17. Defendant would assign Plaintiff a certain number of rooms to clean and he only had a certain amount of time in order to clean the rooms. Based on the work that Defendant assigned Plaintiff, even on a fully staffed day, it was not possible for Plaintiff's team to complete all of their assigned rooms without Plaintiff personally pitching in to help clean rooms.

18. Whenever there were any call-outs among the staff, or any other staffing shortages, Plaintiff had to work even longer hours to meet his responsibilities and clean all of his assigned rooms.

19. Throughout Plaintiff's employment, it became clear to him that Defendant never tried to calculate or appreciate the number of hours that Plaintiff would have to work in order to clean all of his assigned rooms and adjust the staffing levels accordingly.

20. At the beginning of his employment, Defendant expected Plaintiff to arrive one hour before his staff's scheduled shift began and to stay one hour after the end of his staff's work shifts. This alone amounted to Plaintiff working 50 hours per week.

21. However, in order to meet his responsibilities, Plaintiff regularly had to work as many as 60 to 70 hours per week.

22. Defendant always paid Plaintiff on a salaried basis as if he was working 40 hours per week. Plaintiff was never paid in full for all of his hours worked and he was never paid at the overtime rate of time and one-half for each hour he worked over 40 hours each week, even though he worked over 40 hours each week throughout his employment and performed non-exempt tasks the majority of the time every shift.

23. Defendant mis-classified Plaintiff as an exempt employee. While he held managerial titles, Defendant required Plaintiff to perform a number of non-exempt tasks including: cleaning operating rooms alongside Defendant's non-exempt housekeepers who were all paid on an

hourly basis and received overtime pay when they worked over 40 hours; and receiving and restocking medical supplies.  At all times relevant during Plaintiff's employment, Defendant never paid him the required overtime rate of time and one-half for each hour he worked in excess of 40 hours per week.

24. Because of Defendant's improper compensation policies, Plaintiff was deprived of pay, in direct violation of the FLSA and NYLL

25. This pattern of conduct was continuous throughout Plaintiff's employment.

26. Defendant's unlawful conduct has been widespread, repeated, and consistent.

27. By implementing the above policies affecting their employees, Defendant knowingly and willfully operated their business with a policy of not paying their employees in an amount sufficient to compensate Plaintiff for all amounts due under the FLSA overtime laws (of time and one-half) and the New York State overtime and minimum wage laws (of time and one-half).

28. Defendant also did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

## STATEMENT OF CLAIM

### COUNT I: Violations of the FLSA

29. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a

covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

33. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff for all hours, including overtime.

34. At all relevant times, Defendant had a policy and practice of failing to pay the statutory proper wage to Plaintiff for their hours worked, including overtime.

35. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff the full amount of wages due, including overtime under the FLSA.

36. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave from the Court to amend this Complaint to set forth the precise amount due.

37. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to unpaid wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

## COUNT II: Violations of the New York Labor Law
## Failure to Pay Required Overtime

40. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was employed by Defendant within the meaning of NYLL §§ 2 and 651.

42. At all relevant times, the Defendant had a policy and practice of refusing to pay Plaintiff for all of their hours worked, including overtime.

43. Defendant willfully violated Plaintiff's rights by failing to pay them proper wages in the lawful amount for hours worked.

44. At all relevant times, Defendant had a policy of failing to pay Plaintiff the full amount of wages due, including overtime, under the NYLL.

45. Defendant knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notices at the time of hiring and annually thereafter, as required under the NYLL.

46. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant unpaid wages, including overtime, unpaid wages, including overtime, reasonable attorneys' fees, liquidated damages damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III:
## New York Labor Law- Annual Wage Notice and Periodic Wage Statements

47. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein

48. Defendant has willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

49. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

50. Defendant willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

51. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendant willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

52. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff is

entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

53. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

i. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

ii. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

iii. An award of unpaid wages, including overtime, due under the FLSA and the NYLL;

iv. An award of statutory penalties as a result of Defendant's failure to comply with NYLL wage notice and wage statement requirements;

v. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

vi. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wages pursuant to the NYLL;

vii. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' fees and expert fees and statutory penalties;

viii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
December 12, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810,
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff*